FILED by _____ D.C.

ELECTRONIC

**SEPT 25, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

## UNITED STATES DISTRICT COURT
### Southern District of Florida

|  |  |
|---|---|
| Josette Villa and AltaGrace Villa, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Jorge L. Piedra, P.A. and Jorge L. Piedra, | ) |
| individually, Jeffrey C. Roth, P.A., d/b/a | ) |
| Roth & Scholl, and Jeffrey C. Roth, | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

## 08-22662-CIV-SEITZ/O'SULLIVAN

Civil Action No. _____

## COMPLAINT

Plaintiffs Josette Villa and AltaGrace Villa ("Plaintiffs") sue Defendants Jorge L. Piedra, P.A., Jorge L. Piedra, individually, Jeffrey C. Roth, P.A., d/b/a Roth & Scholl, and Jeffrey C. Roth, individually, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. §1692k.

2. Venue is proper in this district because the Plaintiffs and Defendants reside in this district and the acts complained of occurred in this district.

### II. PARTIES

3. Plaintiff Josette Villa is a natural person who resides in Miami-Dade County, Florida.

4. Plaintiff AltaGrace Villa is a natural person who resides in Miami-Dade County, Florida.

5. Defendant Jorge L. Piedra, P.A., is a professional services corporation that offers legal services and is principally engaged in the business of debt collection, or regularly attempts to collect debts owed to another, in Miami-Dade County, Florida, for which it

ALEXANDER LIAN, P.A.
777 Brickell Ave, Ste 1210
Miami, FL 33131

uses interstate and intrastate instrumentalities of commerce (e.g., mail, telephone). Jorge L. Piedra, P.A. is a "debt collector" as defined in 15 U.S.C. § 1692a(6), and acted as a debt collector at all material times as described in the factual allegations below.

6.      Defendant Jorge L. Piedra is believed to be an employee of Jorge L. Piedra, P.A. Defendant Jorge L. Piedra signed the May 27, 2008 letter referred to below.  Jorge L. Piedra is a "debt collector" as defined in 15 U.S.C. § 1692a(6), and acted as a debt collector at all material times described in the factual allegations below.  Defendants Jorge L. Piedra, P.A. and Jorge L. Piedra shall be referred to in the remainder of the Complaint collectively as "Piedra."

7.      Defendant Jeffrey C. Roth, P.A., d/b/a Roth & Scholl is a professional services corporation that offers legal services and is principally engaged in the business of debt collection, or regularly attempts to collect debts owed to another, in Miami-Dade County, Florida, for which it uses interstate and intrastate instrumentalities of commerce (e.g., mail, telephone). Jeffrey C. Roth, P.A. is a "debt collector" as defined in 15 U.S.C. § 1692a(6), and acted as a debt collector at all material times as described in the factual allegations below.

8.      Defendant Jeffrey C. Roth is believed to be an employee of Jeffrey C. Roth, P.A. Defendant Jeffrey C. Roth signed the February 11, 2008 letter referred to below.  Jeffrey C. Roth is a "debt collector" as defined in 15 U.S.C. § 1692a(6), and acted as a debt collector at all material times described in the factual allegations below.  Defendants Jeffrey C. Roth, P.A. and Jeffrey C. Roth shall be referred to in the remainder of the Complaint collectively as "Roth."

### III. FACTUAL ALLEGATIONS

9.  Defendants Piedra and Roth sought to collect a debt from the Plaintiffs arising from a mortgage loan transaction the proceeds of which Plaintiffs used for primarily personal, family, or household purposes.

10. On February 11, 2008, Roth sent Plaintiffs a letter which the Plaintiffs received thereafter. (*See* **Exhibit A**.)

11. Roth's February 11, 2008 is believed to be the first written communication from Roth to Plaintiffs regarding the debt alleged therein.

12. Roth's February 11, 2008 is the first written communication Plaintiffs received from Roth regarding the debt alleged therein.

13. Roth's February 11, 2008 letter appears to be a demand or acceleration letter in which language resembling the debt validation notice required under 15 U.S.C. § 1692g is incorporated.

14. On May 27, 2008, Piedra sent Plaintiffs a letter which the Plaintiffs received thereafter. (*See* **Exhibit B**.)

15. Piedra's May 27, 2008 letter is believed to be the first written communication from Piedra to Plaintiffs regarding the debt alleged therein.

16. Piedra's May 27, 2008 letter is the first written communication Plaintiffs received from Piedra regarding the debt alleged therein.

17. Piedra's May 27, 2008 letter appears to be a demand or acceleration letter to which language resembling the debt validation notice required under 15 U.S.C. § 1692g is attached.

18.    Plaintiffs have suffered damages, including but not limited to, emotional distress, anxiety attacks, and other ailments arising from Defendants Roth and Piedra's failure to follow FDCPA requirements in their February 11, 2008 and May 27, 2008 communications to Plaintiffs, respectively.

## IV. CAUSES OF ACTION

### Count I –Violation of the FDCPA Against Defendant Roth

19.    Plaintiffs restate the allegations in paragraphs 9 – 12 and paragraph 18.

20.    Plaintiffs bring this claim pursuant to 15 U.S.C. § 1692k.

21.    Defendant Roth's February 11, 2008 letter (**Exhibit A**) violates the FDCPA by:

     a.   Failing to inform Plaintiffs of the amount of the debt;

     b.   Providing an inaccurate debt amount;

     c.   Providing an incomplete debt validation notice;

     d.   Misleading and deceiving the Plaintiffs as to the amount owed;

     e.   Demanding payment prior to the expiration of the 30-day validation period which overshadowed and contradicted the required debt validation notice;

     f.   Threatening to initiate foreclosure proceedings before the expiration of the 30-day validation notice;

     g.   Threatening sale of the property before the expiration of the 30-day validation notice;

     h.   Failing to provide an effective debt validation notice and creating confusion regarding the Plaintiff's rights under the FDCPA;

    i.   Positioning the debt validation language on the page in a manner which causes it to be overshadowed and contradicted by other paragraphs of the of the February 11, 2008 letter;

    j.   Positioning the debt validation language on the page in a manner which does not effectively convey to the Plaintiffs their rights under the FDCPA; and,

    k.   Failing to provide a debt verification notice for the underlying mortgage debt.

*Wherefore,* Plaintiffs request this Court to enter judgment in their favor against Defendant Jeffrey C. Roth, P.A., and Jeffrey C. Roth, individually, for actual and statutory damages under § 1692k; costs of the action and reasonable attorney's fees as provided in § 1692k; interest; and, any other relief this Court deems just and proper.

### Count II – Violation of the FDCPA against Defendant Piedra

22.    Plaintiffs restate paragraphs 14 through 18.

23.    Plaintiffs bring this claim pursuant to 15 U.S.C. § 1692k.

24.    Defendant Piedra's May 27, 2008 letter (**Exhibit B**) violates the FDCPA by:

    a.   Providing confusing information to the Plaintiffs regarding the amount of the debt;

    b.   Providing an incomplete debt validation notice;

    c.   Misleading and deceiving the Plaintiffs as to the amount owed;

    d.   Demanding payment prior to the expiration of the 30-day validation period which overshadowed and contradicted the required debt validation notice;

    e.   Threatening to initiate foreclosure proceedings before the expiration of the 30-day validation notice;

f.   Threatening sale of the property before the expiration of the 30-day validation notice;

g.   Failing to provide an effective debt validation notice and creating confusion regarding the Plaintiff's rights under the FDCPA;

h.   Positioning the debt validation language as an attachment to the May 27, 2008 letter in a manner which causes it to be  overshadowed and contradicted by the remainder of the May 27, 2008 letter;

i.   Positioning the debt validation language as an attachment to the May 27, 2008 letter thereby ensuring it does not effectively convey to the Plaintiffs their rights under the FDCPA; and,

j.   Informing the Plaintiffs that they must dispute the validity of the debt, or some portion thereof, in writing, when § 1693g(a)(3) contains no requirement that the consumer dispute the debt in writing to avoid the debt collector's assumption that the debt is valid.

*Wherefore*, Plaintiffs request this Court to enter judgment in their favor against Defendants Jorge L.  Piedra, P.A. and Jorge L. Piedra, individually, for actual and statutory damages under §1692k; costs of the action and reasonable attorney's fees as provided in § 1692k; interest; and, any other relief this Court deems just and proper.

## V. Jury Trial Demand

25.     Plaintiffs demand trial by jury on all issues so triable.

Dated this 24th day of September 2008.

Respectfully Submitted,

Alexander Lian (Florida Bar Number: 571271)
Attorney e-mail address: alian@alexanderlian.com
ALEXANDER LIAN, P.A.
777 Brickell Avenue, Suite 1210
Miami, Florida 33131
Telephone: (305) 381-7910
Facsimile: (305) 381-7135
*Attorneys for Plaintiffs Josette and Alta Grace Villa*

# EXHIBIT A

#2553

# ROTH & SCHOLL   Attorneys at Law

866 South Dixie Highway
Coral Gables, Florida 33146
Tel 305.662.4141
Fax 305.662.3816

February 11, 2008

**By Certified Mail, Return Receipt Requested & By Regular U.S. Mail**

Josette Villa
AltaGrace Villa
4855 N.W. 169th Street
Opa-Locka, FL 33055

RE:   Mortgage and Promissory Note By and Between Allied Mortgage & Financial Corp.,
      Lender and Josette & AltaGrace Villa, Borrowers - Delinquent Mortgage Payments

Dear Sir/Madam:

We have the privilege of representing Allied Mortgage & Financial Corp.  As you are aware, you are presently in default of your mortgage agreement by virtue of your failure to make the following payments:

| | | |
|---|---|---:|
| Accrued Interest | $ | 9,141.60 |
| Accrued Late Charges | | 325.62 |
| Unpaid Charges | | 25.00 |
| Other Fees | | 53.50 |
| Total | $ | 9,545.72 |

Accordingly, demand is hereby made for payment in full of the foregoing sum, within thirty (30) days from the date of this letter, absent which my client intends to (i) accelerate the balance due on the mortgage note; (ii) foreclose on your mortgage by judicial proceeding, resulting in the sale of your property; and (iii) pursue all of its legally available remedies against you.  Your check should be made payable to the Roth & Scholl Trust Account, and sent to the address at the top of this letter.  Please note that if you wish to reinstate you mortgage after March 1, 2008, when your next payment is due, you will have to include another month's payment.  Therefore, before tendering payment you should contact Allied to obtain updated figures.

If litigation is instituted, our client will necessarily seek to recover from you far more than the principal amount past due, since it will also seek the payment of prejudgment interest, as well as attorney's fees and court costs incurred in the collection of this sum, all of which is recoverable pursuant to the express terms of your mortgage and note.  This amount will exceed the principal amount due, so litigation seems pointless from a practical view.  We therefore trust your prompt payment will make any further legal action unnecessary.

**Allied does not want you to lose your home to foreclosure.  You may be eligible for one of several plans to resolve your default.  Please contact Allied's Workout Department to discuss your alternatives to foreclosure.  Your Workout Specialist is Amani Yaccub.  Amani can be reached at 1-800-633-6829, extension 1822.  Please contact Amani today.**

GOVERN YOURSELF ACCORDINGLY.

**NOTE:** The undersigned is attempting to collect a debt and any information obtained will be used for that purpose. Unless you, within thirty days after receipt of the notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the undersigned. If you notify the undersigned in writing within the thirty-day period that the debt, or any portion thereof, is disputed, a copy of such verification of or judgment will be mailed to you by the undersigned. Upon your written request within the thirty-day period, the undersigned will provide you with the name and address of the original creditor, if different from the current creditor.

Very truly yours,

*Jeffrey C. Roth/wsy*

JEFFREY C. ROTH

JCR:wsy

cc:   Allied Mortgage & Financial Corp.
      Attn: Ms. Jennifer Thompson (by email to jthompson@alliedmortgage.net)

| | | |
|---|---|---|
| Jeffrey C. Roth, P. A. | Dennis Scholl, P. A. | Christine M. Rodriguez |
| jeff@rothandscholl.com | dscholl@adjoined.com | christine@rothandscholl.com |

# EXHIBIT B



ATTORNEYS AT LAW

May 27, 2008

**VIA CERTIFIED MAIL**
**AND REGULAR U.S. MAIL**
Ms. Josette Villa
Ms. AltaGrace Villa
4855 NW 169th Street
Opa-Locka, FL 33055

RE:   Mortgage by and between Allied Mortgage & Financial Corp. (herein "Creditor"), and Josette Villa and AltaGrace Villa (herein "Debtors"), for the Property Located at 4855 NW 169th Street, Opa-Locka, Florida 33055

Dear Ms. Villa and Ms. Villa:

Please be advised that the undersigned law firm represents Allied Mortgage & Financial Corp. in connection with the above referenced mortgage. We are attempting to collect the money due under that mortgage and any information obtained from you will be used for that purpose. This letter will serve as notice of your breach of that mortgage by reason of your failure to pay the monthly installments due thereunder. You have failed to pay the installment due March 1, 2008, and all subsequent payments.

In order to cure this default, you must bring all of your payments current and pay all late charges and collection costs as follows:

| | |
|---|---:|
| Accrued Interest from 02/01/2008 to 06/01/2008 | $ 8,683.24 |
| Accrued Late Charges | 325.62 |
| Unpaid Charges | 25.00 |
| Collection Costs (Including Attorney's Fees) | 150.00 |
| TOTAL | $ 9,183.86 |

If the default is not cured by payment of the required sums on or before June 26, 2008, all sums secured by the mortgage may be declared immediately due and payable and a foreclosure action may be filed. Said action may result in a public sale of the above referenced property. Payment must be in the form of cash or certified funds payable to this office.

You have the right to reinstate the mortgage after acceleration pursuant to the terms of the mortgage and you have the right to assert in any foreclosure action the non-existence of a default or any other defense you may have to acceleration and foreclosure.

Ms. Josette Villa
Ms. AltaGrace Villa
May 27, 2008
Page 2


Allied does not want you to lose your home to foreclosure. You may be eligible for one of the several plans to resolve your default. Please contact Allied's Workout Department to discuss your alternatives to foreclosure. Your Workout Specialist is Amani Yacoub. Amani can be reached at 1-800-633-6829, extension 1822. Please contact Amani today.

PLEASE GOVERN YOURSELF ACCORDINGLY.

Sincerely,

JORGE L. PIEDRA
For the Firm


JLP/rb

Enclosure (Fair Debt Collection Practices Act Notice)

cc:     Allied Mortgage & Financial Corporation


**This is an attempt to collect a debt,
any information obtained will be used for that purpose.**


PIEDRA & ASSOCIATES, P.A. | ATTORNEYS AT LAW



ATTORNEYS AT LAW

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. SECTION 1692, AS AMENDED

May 27, 2008

RE:   Property Address:   4855 NW 169th Street, Opa-Locka, FL 33055
      Loan No.:            13248
      Owner:               Josette Villa and AltaGrace Villa
      Mortgagor/Debtor:    Josette Villa and AltaGrace Villa

1.      The creditor to whom the debt is owed by those individual(s) who are obligated under the promissory note and mortgage is Allied Mortgage & Financial Corporation.

2.      As of the date of this letter, you, the debtor, owe a total amount of $229,541.84 in certified funds. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your certified funds, in which event we will inform you before depositing the check for collection. For further information, write or call the creditor's law firm: Piedra & Associates, P.A., 2950 SW 27 Avenue, Suite 300, Miami, Florida 33133, telephone (305) 448-7064, fax (305) 448-7085. When contacting us, by phone or in writing, please identify your account as follows: Allied v. Villa, Josetta.

3.      The debt will be assumed to be valid by the creditor's law firm, unless the debtor within thirty (30) days after the receipt of this Notice, disputes, in writing, the validity of the debt or some portion thereof.

4.      If the debtor notifies the creditor's law firm in writing within thirty (30) days from receipt of this Notice that the debt, or any portion thereof, is disputed, the creditor's law firm will obtain verification of the debt, or a copy of a judgment and a copy of the verification will be mailed to the debtor by the creditor's law firm. Collection efforts, resulting in additional attorneys' fees and costs however, will continue during this thirty (30) day period until this office receives the written request for verification.

5.      If the creditor named herein is not the original creditor, and if the debtor makes a written request to the creditor's law firm within thirty (30) days of receipt of this Notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm. Collection efforts, resulting in additional attorneys' fees and costs however, will continue during this thirty (30) day period until this office receives the written request for the name and address of the original creditor.

6.      We are attempting to collect a debt, and any information obtained from the debtor will be used for that purpose.

FILED by __TS__ D.C.

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**SEPT 25, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS
Josette Villa and AltaGrace Villa

## DEFENDANTS
Jorge L. Piedra, P.A., Jorge L. Piedra, individually, Jeffrey C. Roth, P.A., d/b/a Roth & Scholl, and Jeffrey C. Roth, individually.

**(b)** County of Residence of First Listed Plaintiff __Miami-Dade County__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Miami-Dade County__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Alexander Lian, P.A., 777 Brickell Avenue, Ste 1210
Miami, Florida 33131. Telephone: 305.381.7910

Attorneys (If Known)

**(d)** Check County Where Action Arose: ✓ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

✓ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Miami, 08 CV 22662 Seitz/O'Sullivan

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **PRISONER PETITIONS** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Habeas Corpus:** | | |
| | ☐ 440 Other Civil Rights | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |

(Torts - Personal Injury column): ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability; **PERSONAL PROPERTY**; ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

(Prisoner Petitions): ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition

**IMMIGRATION**: ☐ 462 Naturalization Application; ☐ 463 Habeas Corpus-Alien Detainee; ☐ 465 Other Immigration Actions

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ✓ NO       b) Related Cases ☐ YES ✓ NO

JUDGE                            DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Violation of Fair Debt collection Practices Act (15 U.S.C. s. 1692k).

LENGTH OF TRIAL via _1-2_ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
_Alexander Lian_

DATE
September 24, 2008

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 987786
09/25/08